IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY S.; and JOHN and MARY ELLEN S., on behalf of their daughter, LEIGH ANN S., a minor,<br><br>        Plaintiffs,<br><br>  vs.<br><br>GIRARD SCHOOL DISTRICT; ROBERT SNYDER, Individually and in his capacity as Principal of the Rice Avenue Middle School; and GREGORY YARBENET, a professional employee of the Girard School District,<br><br>        Defendants | ) Docket No. 04-150E<br>) (Judge Sean J. McLaughlin)<br>)<br>) ELECTRONICALLY FILED PLEADING<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) ANSWER OF DEFENDANTS GIRARD<br>) SCHOOL DISTRICT AND ROBERT<br>) SNYDER TO AMENDED COMPLAINT<br>)<br>) Filed on behalf of:  Defendants Girard School<br>) District and Robert Snyder<br>)<br>) Counsel of record for these parties:<br>)<br>) Richard A. Lanzillo, Esq.<br>) Knox McLaughlin Gornall<br>) & Sennett, P.C.<br>) 120 West 10th Street<br>) Erie, PA 16501<br>) Telephone (814) 459-2800<br>) Facsimile (814) 453-4530<br>) Email rlanzillo@kmgslaw.com<br>) PA53811 |

## ANSWER OF DEFENDANTS GIRARD SCHOOL DISTRICT AND ROBERT SNYDER TO AMENDED COMPLAINT

Defendants Girard School District and Robert Synder, individually and in his capacity as Principal of the Rice Avenue Middle School, through their counsel, Knox McLaughlin Gornall & Sennett, P.C., file the following as their Answer to plaintiffs' Amended Complaint:

**FIRST DEFENSE**

1. Defendants Girard School District and Robert Snyder admit the allegations of paragraphs 2, 3, and 5 of the Amended Complaint.

2. Defendants Girard School District and Robert Snyder deny the allegations of paragraphs 6, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20, 28, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 61, and 63 of the Amended Complaint.

3. After reasonable investigation, defendants Girard School District and Robert Snyder are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 8, 9, 12, 23, 24, 25, 26, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, and 62 of the Amended Complaint.

4. Defendants Girard School District and Robert Snyder admit so much of paragraph 1 of the Complaint as alleges that this Court has jurisdiction over this case under 28 U.S.C. §1331. These defendants specifically deny that plaintiffs' Amended Complaint states a cause action against these defendants under 42 U.S.C.§1983, and these defendants further request that the Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

5. Defendants Girard School District and Robert Snyder admit so much of paragraph 4 of the Amended Complaint as alleges that Robert Snyder was the Principal of the Rice Avenue Middle School. These defendants deny that Snyder was a policymaker for the School District with respect to the matters raised in the Amended Complaint or otherwise.

6. Defendants Girard School District and Robert Snyder admit so much of paragraph 10 of the Amended Complaint as alleges that Yarbenet pled guilty to certain charges and is currently serving a prison sentence at the state correctional facility in Greensburg,

Pennsylvania. The precise terms of Yarbenet's plea and his sentence are matters of public record, and these defendants incorporate such terms by reference.

       7.       Defendants Girard School District and Robert Snyder admit so much of paragraph 21 of the Amended Complaint as alleges that Stacy S. was born on June 2, 1985 and began attending Rice Avenue Middle School in 1996 as a 5th grader. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Amended Complaint.

       8.       Defendants Girard School District and Robert Snyder admit so much of paragraph 22 of the Amended Complaint as alleges that Stacy S. began 7th grade in 1998 and that Stacy S. was a member of the school TV studio, which operated as a school-sponsored audiovisual club. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Amended Complaint.

       9.       Defendants Girard School District and Robert Snyder admit so much of paragraph 27 of the Amended Complaint as alleges that, in Stacy S.'s 7th and 8th grade years, she did not have Yarbenet for an academic subject, but was assigned to Yarbenet's homeroom by virtue of her involvement in the TV club. These defendants deny the remaining allegations of paragraph 27 of the Amended Complaint.

       10.       Defendants Girard School District and Robert Snyder admit so much of paragraph 29 of the Amended Complaint as alleges that Yarbenet's misconduct was contrary to School procedures and policies. These defendants deny the remaining allegations of paragraph 29 of the Amended Complaint.

11.  Defendants Girard School District and Robert Snyder admit so much of paragraph 34 of the Amended Complaint as alleges that Leigh Ann S. came to the Girard School District as a 6th grader from a private school when she was 11 years old and that she was assigned to Yarbenet's science class. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Amended Complaint.

12.  Defendants Girard School District and Robert Snyder admit so much of paragraph 35 of the Amended Complaint as alleges that Leigh Ann S. repeated 6th grade in 2000-2001 in order to catch up with the public school curriculum. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Amended Complaint.

13.  Paragraph 59 of plaintiffs' Amended Complaint characterizes the terms of Article I, §26 of the Pennsylvania Constitution, which provision speaks for itself.

14.  Paragraph 60 of plaintiffs' Amended Complaint characterizes the terms of Article I, §28 of the Pennsylvania Constitution, which provision speaks for itself.

## SECOND DEFENSE

15.  Defendants Girard School District and Robert Snyder are entitled to absolute and/or qualified immunity with respect to plaintiffs' claims against them.

## THIRD DEFENSE

16.  Plaintiffs' claims under 42 U.S.C.§1983 and/or state law are preempted under Title IX of the Educational Act, 20 U.S.C. §1681.

## FOURTH DEFENSE

17. Robert Snyder cannot be held liable in his individual capacity because he is not a recipient of federal funding.

## FIFTH DEFENSE

18. At all times relevant to this action, neither defendant Robert Snyder nor defendant Girard School District had legally sufficient notice or knowledge of the alleged misconduct of Yarbenet to subject them to liability under any claim or theory of liability asserted by plaintiffs.

## SIXTH DEFENSE

19. Upon receipt of notice of Yarbenet's alleged misconduct, defendants Robert Snyder and the Girard School District took prompt and appropriate remedial actions.

## SEVENTH DEFENSE

20. At all times relevant to this action, defendant Girard School District has maintained appropriate policies prohibiting sexual abuse, discrimination, and harassment and maintained appropriate procedures concerning the reporting of incidents of abuse, discrimination, harassment and other misconduct.

## EIGHTH DEFENSE

21. Plaintiffs and their parents unreasonably failed to advise or notify the School District of misconduct allegedly committed by Yarbenet and to avail themselves of available procedures and remedies to address such misconduct.

## NINTH DEFENSE

22. Plaintiffs and one or more of their parents actively concealed Yarbenet's misconduct from the School District.

**TENTH DEFENSE**

23.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to exhaust remedies.

**ELEVENTH DEFENSE**

24.     Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, defendants Girard School District and Robert Snyder respectfully request that the Court enter judgment in their favor and dismissing each of plaintiffs' claims against these defendants.

        **Respectfully admitted,**

        **KNOX McLAUGHLIN GORNALL & SENNETT, P.C.**


        **BY: /s/        Richard A. Lanzillo, Esq.**
            **Richard A. Lanzillo, Esquire**
            **120 West Tenth Street**
            **Erie, PA  16501**
            **Telephone (814) 459-2800**
            **Facsimile (814) 453-4530**
            **Email rlanzillo@kmgslaw.com**
            **PA53811**


        Attorneys for defendants, Girard School District, Robert Snyder, Individually and in his capacity as Principal of the Rice Avenue Middle School

# 633847