IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY S.; and JOHN and MARY ELLEN S., on behalf of their daughter, LEIGH ANN S., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> GIRARD SCHOOL DISTRICT; ROBERT SNYDER, Individually and in his capacity as Principal of the Rice Avenue Middle School; and GREGORY YARBENET, a professional employee of the Girard School District, <br><br> Defendants | Docket No. 04-150E <br> (Judge Sean J. McLaughlin) <br><br> ELECTRONICALLY FILED PLEADING <br><br> JURY TRIAL DEMANDED <br><br> RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR AN ORDER OF COURT ALLOWING ADDITIONAL DEPOSITIONS <br><br> Filed on behalf of: Defendants Girard School District and Robert Snyder <br><br> Counsel of record for these parties: <br><br> Richard A. Lanzillo, Esq. <br> Knox McLaughlin Gornall & Sennett, P.C. <br> 120 West 10th Street <br> Erie, PA 16501 <br> Telephone (814) 459-2800 <br> Facsimile (814) 453-4530 <br> Email rlanzillo@kmgslaw.com <br> PA53811 |

**RESPONSE OF DEFENDANTS GIRARD SCHOOL DISTRICT AND ROBERT SNYDER TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR AN ORDER OF COURT ALLOWING ADDITIONAL DEPOSITIONS**

Defendants Girard School District and Robert Synder, through their counsel, Knox McLaughlin Gornall & Sennett, P.C., file the following as their response to plaintiffs' Motion to Compel Responses to Discovery and for an Order of Court Allowing Additional Discovery.

I.  **INTRODUCTION**

Plaintiffs seek to reopen and compel discovery regarding the Girard School District's handling of a report that Anthony Verga, a former teacher, was observed viewing "nude people" on his classroom computer. Verga resigned his employment after the School District commenced dismissal proceedings against him, and the School District reported Verga to the Pennsylvania Department of Education, which resulted in the revocation of Verga's teaching certificate.[1] Plaintiffs argue that the actions of the administration of the School District were inadequate and that it took these actions only after parents publicly complained to the School Board and to the media. Plaintiffs assert that did not fully produce information concerning Verga in response to plaintiffs' earlier written discovery and that discovery should be reopened so that plaintiffs can re-depose Robert Snyder and other witnesses regarding the investigation and handling of the Verga incident.

Plaintiffs' motion is without merit and should be denied for the following reasons:

1.   The Verga incident has no relevance to plaintiffs' claims in this case. Plaintiffs' sole federal theory of liability is premised on Gregory Yarbenet's violation of their constitutional right to personal "bodily integrity" and 42 U.S.C. §1983. Verga's viewing of offensive material on his school computer and the District's allegedly inadequate response to the

---

[1] Throughout their brief, plaintiffs misrepresent the factual record concerning the Verga incident. Plaintiffs state that Robert Snyder "denied, in his deposition, he had had anything to do with the Verga situation." In fact, Snyder made no such denial. In direct response to questions by plaintiffs' counsel, Snyder testified that Verga had been disciplined for "looking at pornographic sites on his School District computer," that the matter was brought to his attention after it was reported by a student, and that Superintendent Wally Blucas conducted the investigation that resulted in the initiation of dismissal proceedings against Verga. (Snyder Depo., 51). Plaintiffs' counsel asked no other questions of Snyder regarding Verga. Plaintiffs also assert that the School District did not take any action relative to Verga until after parents met with Snyder and Superintendent Blucas, attended two School Board meetings and got the media involved. (Plaintiffs' Brief at 8). In fact, it is undisputed that Snyder questioned Verga about the report of the incident and memorialized his discussion in a memorandum to Superintendent Blucas and that the investigation regarding Verga's computer was commissioned by Superintendent Blucas. (Deposition of Richard Perhacs, pp. 8-19; Deposition of Robert Snyder, p. 51

report of that conduct is not probative of a policy, custom or practice of deliberate indifference to violations of students' constitutional right to bodily integrity.

2. Because the Verga incident does not evidence approval or condonation of sexual or physical abuse of students (i.e., violation of their constitutional right to bodily integrity), plaintiffs' attack on defendants' handling of the Verga matter is nothing more than "other wrongs or acts" evidence to "show action in conformity therewith," which is inadmissible under FRE 404(b).

3. The School District properly objected to plaintiffs' request for production of documents regarding "sexually inappropriate conduct" and "other teacher misconduct" as overly broad and vague and as requesting documents irrelevant to the claims and defenses in this case. Defendants properly limited their discovery responses to complaints regarding physical or sexual abuse of students. Defendants could not produce any responsive documents other than those relating to Yarbenet because Yarbenet is the only School District employee against whom such a complaint has been asserted.

4. Plaintiffs' counsel already questioned Robert Snyder about Verga in Snyder's deposition. Snyder testified that Verga had been disciplined for "looking at pornographic sites on his School District computer," that the matter was brought to his attention after it was reported by a student, and that Superintendent Wally Blucas conducted the investigation that resulted in the initiation of dismissal proceedings against Verga. (Snyder Depo., 51). For reasons known only to him, plaintiffs' counsel never asked Snyder to describe his involvement with the Verga matter or any other questions about Verga. (Id.) Thus, any failure of plaintiffs' counsel to secure desired information from Snyder regarding Verga is

attributable to the questions he asked of Snyder, and not to any deficiencies in Snyder's responses.

## II. DISCUSSION

The plaintiffs have elected to proceed solely under §1983, and disavowed any claim under Title IX. Accordingly, the relevance of their discovery requests must be evaluated relative to the elements of their §1983 claim.

### a. Plaintiffs' §1983 claim.

The Civil Rights Act of 1871 creates a federal cause of action that enables individuals to seek relief in a federal forum against persons who, under color of state law, have deprived them of constitutional or other federally-secured rights. 42 U.S.C.§1983. Plaintiffs can proceed under §1983 only if their substantive due process claim is based upon the denial of a constitutionally protected property or liberty interest. U.S.Const. Amend. XIV, §1; Mathews v. Eldridge, 424 U.S. 319, 332 (1976); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1256 (3d Cir. 1994). In Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1988), the Third Circuit expressly recognized that a person's "bodily integrity" is an interest protected by the Fourteenth Amendment.

Plaintiffs' claims in the present case are based upon violations of their constitutional right to bodily integrity visited upon them by Gregory Yarbenet, a former professional employee of the Girard School District. Of course, the law is well-established that a municipality cannot be held vicariously liable under §1983 for the acts of subordinates. Monell v. Depart of Soc. Servs., 436 U.S. 658, 690 (1978). A municipality faces liability under §1983 only if the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." Id.

at 694. In other words, only where a constitutional deprivation is perpetrated pursuant to municipal policy or custom, may it be said that the municipality "itself" has committed the constitutional tort.

Similarly, individual school officials may incur liability under §1983 if they, "with deliberate indifference to the consequences, establish[] and maintain[] a policy, practice, or custom which directly cause[s] a plaintiff[s] constitutional harm." Stoneking, F.2d at 725. "[O]fficials may not with impunity maintain a custom, practice, or usage that communicate[s] condonation or authorization of assaultive behavior." Id. at 370.

In Stoneking, the Third Circuit recognized that sexual abuse or molestation of public school students by a teacher represents "an intrusion of the school child's bodily integrity." Id. at 727. Discouraging reports of sexual or physical abuse of students by teachers can constitute condonation or authorization of assaultive behavior. Id. Nevertheless, "the mere failure of supervisory officials to act or investigate cannot be the basis of liability." Id., citing Chincello v. Fenton, 805 F.2d 126, 133-34 (3d Cir. 1986). "[A] plaintiff must do more than show that the defendant could have averted her injury and failed to do so." Black by Black v. Indiana Area Sch. Dist., 985 F.2d 707, 712 (3d Cir. 1993).

 b. **The Verga incident has no probative value relative to the elements of plaintiffs' claim.**

The incident involving Anthony Verga's viewing of pornographic material on his school computer simply has nothing whatsoever to do with plaintiffs' or any other student's constitutional right to personal bodily integrity or any relevant policy, custom or practice of the District. On or about December 17 and 18, 1999, Verga accessed pornographic websites on his school computer at Rice Avenue Middle School in violation of School District policy. Despite his efforts to conceal his activities, the inappropriate material was observed by one or more of his

students, who reported the matter to an administrator or staff member who reported the matter to Mr. Snyder, the Principal of the Middle School at the time. Snyder summoned Verga and questioned him about the report. Verga explained that he had inadvertently accessed the inappropriate material when he typed in an innocuous sounding web address that he believed to be educationally related. Verga told Snyder that the address was actually a pornographic site and that students must have observed this incident. Snyder accepted Verga's facially reasonable explanation, but immediately prepared a memorandum directed to Verga with a copy to Superintendent Wally Blucas. The memorandum memorialized the complaint and Verga's explanation regarding the accidental nature of the conduct. The memorandum concluded by advising Verga that he was required to notify the administration of any incidents of inadvertent access to inappropriate material and that improper use of the School District's computer equipment constituted a disciplinary matter.

According to a parent of a Rice Avenue Middle School student, she later contacted Superintendent Blucas after she learned of the Verga incident. Unsatisfied with Blucas's explanation, the parent later contacted the Girard School Board regarding Verga. Blucas contacted an outside computer consultant to perform a forensic analysis of Verga's computer. This analysis revealed that Verga had repeatedly accessed pornographic websites on his computer on December 17 and 18, 1999. Upon receipt of the analysis, the School District suspended Verga without pay and initiated dismissal proceedings against him based on charges of immorality, violation of District policy and misuse of District equipment. Faced with the prospect of a dismissal hearing, Verga elected to resign his employment with the School District. The School District promptly reported its disciplinary charges and the evidence in its possession to the Pennsylvania Department of Education. Upon Verga's failure to contest the information

provided by the School District, the Department of Education revoked Verga's teaching certificate.

No claim or allegation was ever made that Verga had, or attempted to have, any sexual or other improper physical contact with a student.

The School District's response to the Verga incident is irrelevant to plaintiffs' §1983 claim because the Verga incident in no way implicates students' constitutional right to bodily integrity or any other constitutional right. To support their claim, plaintiffs must produce evidence that Mr. Snyder condoned a pattern of constitutional violations by subordinates and show that this conduct caused the plaintiffs' constitutional injury. Any alleged inadequacy in Snyder's response to the Verga complaint does not make it more likely that Snyder would fail to react to a report of teacher sexual or physical abuse of a student. Plaintiffs lose sight of the fact that their claim can only succeed if they establish that Snyder and the School District caused their constitutional injury. A complaint about a teacher's surreptitious effort to access offensive material using his school computer simply does not implicate a student's right to bodily integrity or any other constitutional right. Liability under §1983 for a policy or custom can only attach if the plaintiff can show deliberate action attributable to the school district itself, and that such action was the "moving force" behind the violation of the protected rights. <u>Bd. of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 117 S.Ct. 1382, 1386, 137 L.Ed.2d 626 (1997). The Verga matter cannot speak to any policy, custom or practice of the School District or Snyder relative to sexual or physical abuse of students or to any alleged causative relationship between any such policy, custom or practice and Yarbenet's violation of plaintiffs' right to bodily integrity.

      **c.**      **Plaintiffs' request for additional discovery regarding the Verga incident also seeks evidence that would be barred under FRE 404(b).**

As discussed above, the Verga incident is wholly irrelevant to plaintiffs' claims in this case. In addition, the dissimilar nature of Verga's conduct and Yarbenet's conduct places the evidence regarding Verga squarely within the scope of F.R.E. 404(b), which provides in pertinent part as follows:

> **(b) Other Crimes, Wrongs, or Acts.**—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident...

Plaintiffs want to inquire further about Verga in an attempt to build an argument that the School District's response to the Verga incident somehow speaks to the District's response to Yarbenet. The problem with this proffer is that the incidents lack any reasonable nexus and that plaintiffs propose that a response to the Verga matter is indicative of a response to the Yarbenet matter. Rule 404(b) precludes such evidence.

      **d.**      **The School District properly objected to plaintiffs' request for production of documents regarding "sexually inappropriate conduct" and "other teacher misconduct."**

In their motion to compel and brief, plaintiffs note that they served a request for production of documents that requested, *inter alia*, documents regarding "sexually inappropriate conduct" and "other teacher misconduct." Plaintiffs also note that the School District and Snyder objected to these requests as overly broad and vague and as requesting documents that are irrelevant to the claims and defenses in this case. Defendants limited their discovery responses to complaints regarding physical or sexual abuse of students by teachers. To the extent plaintiffs' motion implies that defendants did not give them fair notice of their objections and somehow

"hid the ball," this implication is belied by defendants' proper objection. The only documents responsive to the request related to Yarbenet.

In addition, when plaintiffs specifically requested documents regarding the Verga matter and a deposition of a corporate designee pursuant to Rule 30(b)(6) concerning this matter, counsel for these defendants advised plaintiffs' counsel that, while defendants reserved their objections to the relevance of the requested material and testimony, defendants would comply in an effort to avoid a discovery dispute. Thereafter, these defendants produced the requested documents and a designee for deposition. Despite defendants' efforts to avoid a discovery dispute, plaintiffs now wish to reopen discovery and expand their inquiry concerning this irrelevant matter. Their request should be denied. Defendants have fully and properly complied with their discovery obligations.

Moreover, plaintiffs' counsel has already questioned Robert Snyder about Verga in Snyder's deposition. Snyder testified that Verga had been disciplined for "looking at pornographic sites on his School District computer," that the matter was brought to his attention after it was reported by a student, and that Superintendent Wally Blucas conducted the investigation that resulted in the initiation of dismissal proceedings against Verga. (Snyder Depo., 51). For reasons known only to him, plaintiffs' counsel never asked Snyder to describe his involvement with the Verga matter or any other substantive questions about the Verga incident. (Id.) Thus, any failure of plaintiffs' counsel to secure desired information from Snyder regarding Verga is attributable to the questions asked of Snyder, and not to any deficiencies in Snyder's responses. The fact that counsel later wishes that he would have asked more during a deposition is not grounds for reopening the deposition. Defendants already have produced all documents relative to the Verga matter and plaintiffs have deposed numerous witnesses

concerning the matter. They have taken all of this discovery notwithstanding its complete irrelevance to the claims and defenses in this case. Defendants respectfully submit that enough is enough.

## III. CONCLUSION

For the reasons discussed above, defendants, the Girard School District and Robert Snyder, respectfully request that the Court deny plaintiffs' motion to compel and reopen discovery.

Respectfully admitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: /s/ Richard A. Lanzillo, Esq.
    Richard A. Lanzillo, Esquire
    120 West Tenth Street
    Erie, PA  16501
    Telephone (814) 459-2800
    Facsimile (814) 453-4530
    Email rlanzillo@kmgslaw.com
    PA53811

Attorneys for defendants, Girard School District, Robert Snyder, Individually and in his capacity as Principal of the Rice Avenue Middle School

# 638998