```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACY S.; and JOHN and MARY      )
ELLEN S., on behalf of their     )    Civil Action No. 04-150E
daughter, LEIGH ANN S., a minor  )
                                 )
        Plaintiffs,              )    Jury Trial Demanded
                                 )
        v.                       )
                                 )    Electronically Filed
GIRARD SCHOOL DISTRICT;          )
ROBERT SNYDER, Individually      )
and in his capacity as           )
Principal of the Rice Avenue     )
Middle School; and GREGORY       )
YARBENET, a professional         )
employee of the Girard School    )
District,                        )
                                 )
        Defendants.              )
```

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND FOR EXTENSION TO COMPLETE DISCOVERY

1.   This Court offered the parties an opportunity to conduct discovery concerning assets to assist negotiations.

2.   Thereafter, Plaintiffs served interrogatories and document requests upon the Defendant Gregory Yarbenet to secure information concerning assets.  These requests were served on April 18, 2006.

3.   Partial responses have been filed.  They were served on May 24, 2006.

4.   In connection with the partial responses to these requests, Yarbenet presented tax returns.  Few other documents were produced.

5.   Yarbenet's 2002 tax return indicates that he transferred stock or other equities with a value in excess of $1.3 million in 2002.

6.   This information is contained in Schedule D to Yarbenet's tax returns for the 2002 tax year. **(Exhibit 1)**   A separate Schedule D is required for each spouse transferring stock, and Mrs. Yarbenet did not provide a Schedule D, and, therefore, it appears that the stock was solely in Yarbenet's name.

7.   Yarbenet has continued to make similar stock transfers since 2002, as evidenced by the Schedule Ds attached to the 2003, 2004, and 2005 tax returns. **(Exhibit 2)**

8.   Yarbenet was arrested in 2002, so the transfers could well be a fraudulent conveyance.

9.   The present discovery dispute centers on the following Interrogatories.

10.   First, Yarbenet was asked the following Interrogatory concerning transfers:

4.   **TRANSFERRED ASSETS AND GIFTS**
If, in the six years preceding the date of your responses, the Defendant has transferred any assets (real property, personal property, chose in action, et al.) not covered by the immediate preceding Interrogatory, to any person, and/or, if the Defendant has given any gift valued at more than $250.00, of any asset, including money, to any person; set forth, in detail, a description of the property, the type of transfer, the date of the transfer, the value of the asset on the date of transfer, and the name and address of the transferee or recipient.

The Answer was "N/A."   (See **Exhibit 3)**

11.    Yarbenet was also asked the following questions concerning ownership of equities?

9.    **<u>SHARES OR INTEREST IN STOCKS, SHARES, AND OTHER INTERESTS</u>**
Identify any stocks, shares or interest in any corporation, or unincorporated association or partnership interest, limited or general and state the location thereof owned in whole or in part by the Defendant. Identify the names and addresses of the organizations and the serial numbers of the shares or stocks.   If the Defendant owns any of the stocks, shares or interest jointly with any other party, give the name and address of the other party(ies), and the percentages owned, respectively, by the Defendant and the other party(ies). Identify any encumbrances (including liens) upon the shares or interest, the name and address of the encumbrance holder, the present balance owing on that encumbrance, the transaction which gave rise to the existence of the encumbrance, and where and when the encumbrance was recorded.

Yarbenet's Answer to this Interrogatory was:

The Westaim Corporation, Serial # C08447, Alberta, Canada (3 Shares)
The Westaim Corporation, Serial # C03344, Alberta, Canada (2 Shares)
Agrium, Inc., Serial # Y1117966, Canada (6 Shares) **(Exhibit 3)**

12.    Yarbenet has failed to disclose the transfers of stocks as required by Interrogatory No. 4.   For instance, Yarbenet's Schedule D for 2005 indicates that Yarbenet transferred stock or equity concerning the following companies: Netgear, Too Inc Com, Alpharma Inc Com, Kendle International Inc Com, Satyam Computer Services LTD Com, Viropharma Inc Com, Digital River Inc Com, Jabil Circuit Inc Com, Computer Program And Systems Com, American Healthways Inc Com, in 2005.   This suggests Yarbenet's Answer to

3

the Interrogatory No. 9 was likely inaccurate.  If the Schedule was accurate and he no longer has any stocks, then Interrogatory No. 4, which requests information concerning transfers was not adequately answered, since none of the transfers are explained or disclosed.

13.  With respect to Interrogatory Nos. 4 and 9, Plaintiffs served document requests which sought the following information from Yarbenet:

> 4.  Produce any documents which are responsive to the matters set forth in Interrogatory 4, above, or which otherwise support your answers to same.
>
> 9. Produce any documents which are responsive to the matters set forth in Interrogatory 9, above, or which otherwise support your answers to same.  **(Exhibit 3)**

Yarbenet failed to provide any documents evidencing the transfers of or ownership of stock or equity.

14.  Plaintiff corresponded with Yarbenet's counsel about these deficiencies. **(Exhibit 4)**

15.  Plaintiffs are aware of other assets Yarbenet claimed to have owned.

16.  Yarbenet had indicated to various people that he worked for the National Aeronautics & Space Administration (NASA), including working with the NASA program.  At his deposition, Yarbenet stated that he did not receive compensation from NASA in the form of pay, but received in-kind remuneration.  Thus, Yarbenet testified at his deposition that he received compensation from NASA, in the form of valuable unique models of spacecraft generated

by NASA.   He valued the models in excess of $50,000.  **(Yarbenet Deposition, p 31)**   Attached as **Exhibit 5** is deposition testimony from Yarbenet discussing this.

17.   Yarbenet's responses to the Interrogatory Answer No. 35 did not include information concerning those assets, or description of the models that were given to him in lieu of compensation.  See Interrogatories Nos. 4 and 32.  **(Exhibit 3)**   Yarbenet also failed to disclose the identity of contact persons at NASA who could verify whether he, in fact, received the valuable models. **(Interrogatory No. 35, Exhibit 3)**

18.   Plaintiffs intend to take the deposition of Yarbenet's wife and his mother, and perhaps a NASA representatives, to ascertain their knowledge of his assets so the settlement value of the case can be determined.

19.   Yarbenet's failure to provide the information sought by the Plaintiffs is detrimental to the process and makes deposition discovery premature.

20.   The purpose of discovery was to evaluate Yarbenet's financial condition, to see if his settlement offer was made in good faith.   Plaintiffs believe that Yarbenet is withholding information and cannot negotiate with him if he will not disclose his assets.

WHEREFORE,  Plaintiffs  request  this  Court  enter  an  Order directing Yarbenet to provide full and adequate responses to the

discovery served upon him and to produce any documents evidencing the transaction by virtue of which he disposed of stock and to enlarge the discovery period.

Respectfully submitted,


/s/ Edward A. Olds
Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ, Esquire
Pa. I.D. No. 36232
Richard Matesic, Esquire
Pa. I.D. No. 72211

1007 Mount Royal Blvd.
Pittsburgh, PA 15223
(412)492-8975

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Plaintiffs' counsel corresponded with Yarbenet's counsel concerning these matters.  Given that the Court's time frame, in terms of concluding discovery, Plaintiff does not believe that a settlement of this discovery dispute can be reached outside the Court supervision.

Date: 6/8/06                                    /s/ Edward A. Olds

                                               Edward A. Olds, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Edward J. Betza, Esquire
ELDERKIN MARTIN KELLY &
MESSINA, P.C.
150 East Eighth Street
Erie, PA 16501

/s/Edward A. Olds
Edward A. Olds, Esquire